NEEVES vs. GREGORY, Appellant, Boos, Respondent, and
others.

NEEVES vs. GREGORY, Respondent, Boos, Appellant, and
others.

*October 18 — November 7, 1893.*

(1) *Examination of adverse party: Oral interrogatories.* (2) *Deposition
of party on his own behalf: Oral cross-examination.*

1. That clause of sec. 4096, R. S., which provides that "the party ex-
amining shall, in all cases, be allowed to examine upon oral in-
terrogatories," applies to every examination under that section,
whether before or after issued joined, or within or without the state.
2. Where the deposition of a party as a witness in his own behalf is
taken without the state on commission and written interrogatories,
the adverse party cannot cross-examine him orally.

APPEALS from the Circuit Court for *Milwaukee* County.
The facts are stated in the opinion.

For *Gregory* there were briefs by *Barney & Kuechen-
meister,* and the cause was argued orally by *C. W. Briggs.*

For *Boos* there were briefs by *Winkler, Flanders, Smith,
Bottum & Vilas,* and oral argument by *F. C. Winkler.*

LYON, C. J. Plaintiff brought this action for relief in respect to a certain mortgage executed by him, the ownership of which is claimed by each defendant, *Boos* and *Gregory*, adversely to the other. The action is therefore, in one aspect of it, in the nature of interpleader, and as to each other the defendants are adverse parties. In the progress of the action two orders were made by the trial court,— one relating to the examination of *Gregory* at the instance of *Boos*, under sec. 4096, R. S.; and the other to a proceeding by *Gregory* to have his deposition as a witness in his own behalf taken on commission. *Gregory* is a nonresident of this state. In the first order the court sustained the right of *Boos* to examine *Gregory* under sec. 4096, on oral interrogatories, on a commission to be executed in another state, and *Gregory* appeals. In the other order the court denied the right of *Boos* to cross-examine *Gregory* on oral interrogatories, on the taking of his deposition as a witness in his own behalf, out of the state, on commission and written interrogatories, and *Boos* appeals.

1. Sec. 4096, R. S., provides that the examination of a party thereunder at the instance of an adverse party "may be taken without the state upon commission in the manner provided for taking other depositions." It provides further that "the party examining shall, in all cases, be allowed to examine upon oral interrogatories." The manifest purpose of the statute is to give the examining party every reasonable opportunity for a most thorough examination of his adversary, and this is accomplished the most effectually by an oral examination. We cannot doubt, therefore, that the clause of the statute last above quoted should apply to every examination under sec. 4096, whether before or after issue joined, or within or without the state. The respondent would construe the first clause of the section above quoted as though it read that the examination "may be taken without the state upon commission in the manner

provided for taking other depositions *upon commission.*"
We construe the statute as though it read: "In the manner
provided for taking other depositions upon notice or com-
mission." This construction gives the right of examination
upon oral interrogatories. R. S. secs. 4110, 4112. The
practice adopted by *Boos* was therefore correct, and the.
order in that behalf should not 'be disturbed. Hence, on
*Gregory's* appeal, the order is affirmed.

2. A party may take the deposition of his witness out
of the state in a proper case, either on notice and oral in-
terrogatories, or on commission and written interroga-
tories, at his option. If he elects to take the same in the
latter mode, we know of no statute or authorized rule of
practice which will permit the adverse party to cross-
examine the witness orally. And we think it quite imma-
terial that the witness whose deposition is to be taken is the
party himself. The same procedure is prescribed in both
cases. The circuit court so held. Hence, on the appeal of
*Boos*, the order is affirmed.

*By the Court.*— Ordered accordingly.