THE NORTH CHICAGO STREET RAILROAD COMPANY

*v.*

FRANCES L. COSSAR.

*Opinion filed June 16, 1903—Rehearing denied October 8, 1903.*

1. APPEALS AND ERRORS—*when judgment need not exceed $1000 to authorize appeal.* In actions *ex contractu* or *ex delicto*, if the damages are speculative in character and not susceptible of direct proof, an appeal lies from the Appellate Court without a certificate of importance, if the damages recovered, as shown by the judgment, are even $1000 or over.

2. BICYCLES—*duty of person riding a bicycle close to street car.* One riding a bicycle close to a street car, who is aware that cars usually stop at the far side of cross-streets and that the conductor usually gets off, should guard against running into passengers or the conductor, who has alighted to assist passengers.

3. SAME—*when party cannot recover for injury received while riding bicycle.* One who rides a bicycle at so high a rate of speed and so close to a street car that she cannot stop in time to avoid colliding with the conductor, who has stepped off the car at a usual stopping place to assist a passenger to alight, cannot recover from the company for injuries received in the collision.

4. SAME—*a bicycle is a vehicle.* A bicycle is a vehicle and is subject to the rules of law governing other vehicles, and the rider must use the same degree of care as drivers of other vehicles.

5. STREET RAILROADS—*conductor has a right to step from the car upon the street.* A street car conductor has a right to be upon the street near his car for the purpose of assisting passengers to get on or off the car.

6. INSTRUCTIONS—*when instruction upon subject of ordinary care is erroneous.* In a personal injury case it is not proper to give an instruction which limits the question of due care to the conduct of the plaintiff at the time of the injury, regardless of his conduct in placing himself in danger.

7. NEGLIGENCE—*when question of contributory negligence is for the court.* The question of contributory negligence is one of law for the court, if the undisputed evidence of its presence is so conclusive that the court would be compelled to set aside a verdict in opposition to it.

MAGRUDER, J., dissenting.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. FARLIN Q. BALL, Judge, presiding.

JOHN A. ROSE, and LOUIS BOISOT, (W. W. GURLEY, of counsel,) for appellant.

JAMES SMITH, for appellee.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This was an action on the case to recover damages for a personal injury. The declaration contained one count, which averred, in substance, that on the 17th day of August, 1897, the defendant was possessed of and operating a street car, going west, in Fullerton avenue, in the city of Chicago; that while the plaintiff was riding a bicycle in the same direction on said avenue, at a point near Oakley avenue, in the exercise of due care for her own safety, the conductor who was then and there in charge of said car and who knew of the approach of

the plaintiff, or by the exercise of reasonable care might have known of her approach, negligently and without warning suddenly jumped off the car immediately in front of the plaintiff, so that the bicycle upon which she was riding struck him, whereby she was thrown to the ground and injured. The general issue was filed, and upon the trial the jury returned a verdict in favor of the plaintiff for $1000, which, on appeal, was affirmed by the Appellate Court for the First District, and a further appeal has been prosecuted to this court.

A motion has been made to dismiss the appeal on the ground of want of jurisdiction in this: that no more than $1000 is involved and no certificate of importance has been granted by the Appellate Court. This is an action in which the damages sought to be recovered are speculative and not susceptible of direct proof, and the judgment appealed from is for $1000. The question raised here has been before this court repeatedly, and the rule announced by the decided cases is, that in actions *ex contractu* or *ex delicto,* if the damages sought to be recovered are speculative in character and not susceptible of direct proof, and the damages are $1000 or more, as shown by the judgment, an appeal lies from the judgment of the Appellate Court to this court without a certificate of importance. (*Baber* v. *Pittsburg, Cincinnati and St. Louis Railroad Co.* 93 Ill. 342; *Hankins* v. *Chicago and Northwestern Railway Co.* 100 id. 466; *Umlauf* v. *Umlauf,* 103 id. 651; *Bank of Commerce* v. *Miller,* 202 id. 410.) This appeal falls within the rule above announced, and this court has jurisdiction thereof without a certificate of importance. The motion to dismiss will be denied.

There was but little conflict in the evidence, from which it appeared the plaintiff, a young woman about twenty years of age, on August 17, 1897, started with her mother and aunt to go from their home on the north side, in the city of Chicago, to Maywood, a suburb of said city. Her mother and aunt were upon the street

car and she rode a bicycle. When upon Fullerton ave-
nue, which runs east and west, the plaintiff at times was
in front and again in the rear of the car upon which her
mother and aunt were passengers. When the car stopped.
at Oakley avenue, which runs north and south, the con-
ductor was upon the front platform. At that point he
left the car to assist a lady passenger in alighting, and
just as he stepped upon the ground the plaintiff, who
was riding near the car and a few feet to the rear of the
platform, upon the same side upon which he alighted,
ran against him with her bicycle. He was knocked down
and she was thrown from the bicycle and her arm broken.
The car stopped at a usual stopping place to receive and
discharge passengers; the conductor left the car in his
usual manner; the plaintiff was accustomed to riding
a bicycle upon the streets of the city; the accident oc-
curred about eleven o'clock in the forenoon; the street
was free from teams; her view was unobstructed; the
pavement was in good repair; the plaintiff was riding at
the rate of five or six miles per hour, and the car was
standing still at the time of the collision.

At the close of all the evidence the defendant moved
the court to take the case from the jury, which the court
declined to do. We are of the opinion the motion should
have been allowed and the jury instructed to find for the
defendant. The plaintiff knew the car was accustomed
to stop at the further side of cross-streets for the pur-
pose of receiving and discharging passengers, and that
the conductor usually left the car at such stops. While
the plaintiff had the right to ride a bicycle upon the
streets, the defendant had the right to stop its car at
that place and the conductor had a right to be upon
the street, and it was the duty of plaintiff, she knowing
the car was apt to stop, to watch for and guard against
striking passengers who were entering or leaving the
car, or the servants of the defendant who had alighted
for the purpose of assisting persons to leave or enter

the car.   The evidence shows the conductor was standing from two to five feet from the car at the time he was struck.   He had the right to be in the street near his car at that place while it was standing still.   The plaintiff was aware of that fact.   The street was of sufficient width to have permitted the plaintiff to pass in safety, and if she desired to go ahead of the car while it was standing still, it was her duty to keep far enough away from the car to avoid striking persons getting off or on the car in the usual way, or the servants of defendant while performing their duties of assisting passengers to enter or leave the car.   This she failed to do, but kept on her course at so high a rate of speed and so close to the car that she was unable to stop her wheel in time to avoid a collision when the conductor alighted, the result of which was, her bicycle struck him with so much force as to knock him down and to throw her off upon the ground and inflict upon her the injuries complained of. It is plain from the undisputed evidence that her failure to turn out a sufficient distance from the car to permit her to pass in safety was the proximate cause of the injury.   It was not the duty of the conductor to warn the plaintiff that the car would stop at the further side of Oakley avenue, at its intersection with Fullerton avenue, to receive and discharge passengers and that he would alight from the car at that point.   She was aware of such facts.   It is clear from the evidence that the conductor was looking west at the time he alighted and did not see the plaintiff until he was struck by the bicycle and thrown down.

Complaint is also made that the court erred in giving to the jury, upon behalf of the plaintiff, the following instruction:

"The court instructs the jury that by ordinary care the law means such a degree of care, under the circumstances and in the situation in which the plaintiff was placed, so far as they may be shown by the evidence, as

an ordinary, prudent and cautious person would exercise, under like circumstances and in the same situation, for his own safety, to avoid apparent danger."

The criticism made upon this instruction is, that it assumes that an ordinarily prudent and cautious person might find himself in the situation that plaintiff was in at the time of the accident, and assumes that she was not guilty of contributory negligence in being in the position in which she found herself at the time of the injury. In personal injury cases it has been repeatedly held by this court that it is improper to give an instruction which limits the question of due care to the conduct of the plaintiff at the time of the injury, regardless of his conduct in placing himself in a place of danger. The claim of defendant was that plaintiff was guilty of contributory negligence in riding her bicycle at the rate of speed at which she was going, so close to the car that when it stopped to let off a passenger an accident would be likely to occur in case a passenger or the conductor should step from the car. We think this instruction subject to the criticism made, and that the jury might well have inferred therefrom that if the plaintiff was in the exercise of due care at the instant when the accident occurred, then she might recover, although the evidence showed she was guilty of negligence in having placed herself in the position in which she found herself at the time of the collision. In *Chicago, Milwaukee and St. Paul Railway Co.* v. *Halsey*, 133 Ill. 248, on page 254, in discussing the question now under consideration, the court said: "Nor should the inquiry in regard to contributory negligence by the deceased have been directed only to the evidence of what the deceased did at the time of receiving the injury. The claim of appellant is, not that he then failed to do what a man of ordinary caution would have done to avoid injury, but that he failed to do what a man of ordinary caution, under like circumstances, would have done to avoid placing himself in a position from

which he could not escape without being injured. One who, failing to observe due care, blindly walks into a danger that the observance of due care would have enabled him to avoid is no less guilty of contributory negligence than he who by the observance of due care could extricate himself from danger fails to make any effort for his personal safety, and because thereof is injured."

The authorities agree that a bicycle is a vehicle, subject to the rules of law governing other vehicles; (*State v. Collins*, 16 R. I. 371; *Holland v. Bartch*, 120 Ind. 46; *Swift v. Topeka*, 43 Kan. 671; *Thompson v. Dodge*, 58 Minn. 555; Elliott on Roads and Streets,—2d ed.—sec. 852;) and it has been held that the rider of a bicycle is required to use the same degree of care as the driver of a team of horses hitched to a wagon, (*Peltier v. Bradley*, 67 Conn. 42,) and that the driver of a vehicle who attempts to pass another vehicle on a public road does so at his peril; (*Avegno v. Hart*, 25 La. Ann. 235;) and it was ruled by the New York Court of Appeals in *Adolph v. Central Park, North and East River Railroad Co.* 76 N. Y. App. 530, that "one person may choose to go at a slow pace along the way, and has a right so to go; another may choose to go at a faster pace, and has a right so to go; yet each must exercise his right so as not unnecessarily to abridge the use by the other of his right. The one choosing to go fast may turn out and go past the one choosing to go slow, but must keep clear of him in doing it;" and by the Supreme Court of Tennessee in *Young v. Cowden*, 98 Tenn. 577, that it is the duty of the driver of a vehicle following another to give warning to the vehicle in front before attempting to pass, where it is dangerous to pass, and then not to attempt to pass unless he can do so safely.

We think the contributory negligence of the plaintiff in this case was such as to bar a recovery. In *Beidler v. Branshaw*, 200 Ill. 425, on page 430 we said: "Although it is true that the question of contributory negligence is ordinarily a question for the jury, yet when there is no

conflict in the evidence and the court can clearly see that the injury was the result of the negligence of the party injured, it should not hesitate to instruct the jury to return a verdict for the defendant. In *Lovenguth* v. *City of Bloomington,* 71 Ill. 238, it is said (p. 241): 'A party has no right to knowingly expose himself to danger and then recover damages for an injury which he might have avoided by the use of reasonable precaution.' In *Werk* v. *Illinois Steel Co.* 154 Ill. 427, on page 432 the court say: 'While questions of negligence or of contributory negligence are ordinarily questions of fact, to be passed upon by a jury, yet when the undisputed evidence is so conclusive that the court would be compelled to set aside a verdict in opposition to it, the court may withdraw the case from the consideration of the jury and direct a verdict.'"

The judgments of the superior and Appellate Courts will be reversed.                      *Judgment reversed.*

Mr. JUSTICE MAGRUDER, dissenting:

I cannot concur in this decision.

The car was traveling west upon Fullerton avenue, and the accident occurred when the car reached the crossing of Fullerton avenue by Oakley avenue, the latter running north and south. The plaintiff, who was injured, was riding her bicycle at the time of the accident, going west in the same direction in which the car was going. At the time the accident occurred, she was on the north side of the car, between the car and the sidewalk, upon Fullerton avenue, which was a public street. There are circumstances going to show that the conductor was guilty of gross negligence, which resulted in the injury to the appellee. But, if he was not guilty of gross negligence, the evidence tends to show that he was guilty of negligence, and that appellee was in the exercise of due care for her own safety. This being so, the judgment of the superior court of Cook county in her favor,

awarding her $1000.00 damages, and the judgment of the Appellate Court, affirming the judgment of the superior court, are a final determination of the facts, so far as this court is concerned.

When the car, going west, reached Oakley avenue, the conductor, who was upon the front platform of the car, jumped off the car into the street at a distance of from two to five feet from the car. There is as much evidence, tending to show that the distance, to which he jumped from the car into the street, was four or five feet, as that it was a less number of feet. The car at the time was full of passengers. His object in jumping from the car to the street was to catch the rear platform of the car, as it should come up to him while he was standing in the street. It makes no difference whether, when the car should come up to him, he was going to help a passenger alight or not; his real object in jumping into the street was to jump upon the car at the rear, when the rear should come up to where he was. The conductor himself says in his testimony: "Every conductor has a different way of working his car. If I am on the front end of the car, in order to save time, I will always jump back, and catch the back as it comes up." One of the witnesses says that the conductor was collecting fares, and that she saw him get off the car many times, "because there were many passengers." Is it correct to say that the conductor had a right to be upon the street under the circumstances here stated? The street car company appropriates to its use the middle of the street between the rails of its track, and, in addition, such portion of the street as is under the sides of its cars, where they project over the rails. The streets belong to the people. They are public highways, upon which every citizen has a right to travel. The street car companies have no right to use any more of the public street than is thus occupied by their tracks and the projecting sides of their cars. If the doctrine of the majority opinion is to pre-

vail, then the street car companies have a right to occupy, in addition to the portion of the street thus named, an additional portion for the transaction of their business. When a conductor jumps from the platform of a car four or five feet into the street on the side of the car for the purpose of standing there, and getting on the car when the rear of the car reaches him, then he is using the street to that extent for the business of the company. He has no right to do that. If it is necessary for him to go from the front to the rear of the car, he should go upon the car, either through the car, or by way of the aisle in the middle of the car, or on the foot-board on the side of the car, whether he goes there for the purpose of seeing that a passenger alights properly or not. He has no right thus to appropriate a part of the public street, outside of that occupied by the car tracks and the cars themselves.

But if it should be conceded that he has such right, it would be his duty so to dismount from the car, as not to injure persons passing along the public street. The testimony tends to show that this young lady was riding upon her bicycle about half way between the side of the car and the sidewalk. That is to say, about in the center between the north side of the car and the north side of the street running west. The evidence tends to show that the conductor knew that she was following the car, or riding near the side of the car, as she had been doing for some time, her mother and aunt being upon the car while she was riding upon her bicycle. The testimony shows that she passed the car several times. The motorman saw her riding upon her bicycle, and several of the passengers testified that they saw her riding there. When he jumped from the car, his back was turned towards her while she was riding her bicycle. His face was directed to the west. In addition to this, the testimony shows that he was engaged in conversation with the motorman just before he jumped from the car. His

conduct in thus jumping from the car into the public street to a distance of four or five feet, knowing that the appellee was riding upon her bicycle, and without directing his look in the direction in which she was riding, shows a great degree of negligence. At almost the instant, at which he thus jumped from the car, she ran into him, and was thrown down, and suffered the injury, for which this suit is brought. If he had any right thus to jump from his car into the street, it was his duty to look and see that the public street was not occupied by travelers, and that he would not collide with any of such passing travelers; but the evidence tends to show that he took no pains, nor exercised any care, to look to see what there was in the street, or what was passing along the street. As a result, the collision with the bicycle was inevitable. The evidence leaves it doubtful whether the car had actually stopped, when he jumped off, or not. He, himself, is unable to say in his testimony whether the car had actually stopped, or not. Thus, there is evidence tending to show that the conductor, the servant of the appellant company, was guilty of negligence in causing the injury. The evidence also tends to show that appellee was in the exercise of due care; she was on the public street; she had a right to ride upon the street on her bicycle. She had a right to ride in the space between the moving car and the north side of the street. When the accident occurred, she was in the exercise of her rights. She could not know whether the car was going to stop at the crossing, or not. It is true, that these cars stop at the further side of the crossing to let passengers on and off. But they do not so stop, unless some passenger is going to alight, or board the car. The conductor knows, or is supposed to know, whether anyone is going to alight or board the car. A person, traveling on the street upon the side of the car, or in the rear of the car, is not bound to take notice that the car will actually stop at the crossing, even though such person knows that

there is a rule or ordinance, requiring the car to stop at the farther side of the crossing. Therefore, it cannot be said that it was the duty of the plaintiff, she knowing that the car was about to stop, to wait for, and guard against striking passengers, who were entering or leaving the car, or the conductor, who alighted for the purpose of assisting persons to leave or enter the car. Here, there was no question of striking a passenger. The person, with whom the bicycle collided, was the conductor of the car, and not a passenger. It is the conductor's duty to stop the car, in order that every person, who desires to alight or board the car, may do so. The question whether appellee was in the exercise of due care or not, was, under all the circumstances, a question to be determined by the jury; and is it not invading the province of the jury, to say that "the evidence showed she was guilty of negligence in having placed herself in the position, in which she found herself at the time of the collision?"

The instruction, given for the appellee, which is criticised in the opinion of the majority, cannot be said to contain serious error. The doctrine, announced in *Chicago, Milwaukee and St. Paul Railway Co.* v. *Halsey*, 133 Ill. 248, has no application here, as there was no evidence tending to show that appellee walked into a danger, which the observance of due care would have enabled her to avoid. Moreover, the appellant asked, and the court gave, several instructions, which were the same, in effect, as the instruction so given for the appellee. By the ninth instruction, given for the appellant, the jury were told that they must find by a preponderance of the evidence, "that the plaintiff was not at the time of the accident guilty of any failure to exercise ordinary care for her own safety, proximately contributing to her own injury." By instruction 10, given for the appellant, the jury were instructed as follows: "If the jury believe from the evidence that the plaintiff failed to exercise ordinary care for her own safety, which failure, if any,

proximately helped in any way to bring about the accident, which resulted in the injuries herein complained of, then they should return a verdict of not guilty." By instruction 15 given for the appellant, the jury were told that "if, after such consideration of all the evidence," etc., "you are unable to say that the plaintiff has proved by a preponderance of the evidence that the defendant was guilty of the negligence, alleged in the plaintiff's declaration, and that the plaintiff was exercising ordinary care for her own safety, then the jury should find the defendant not guilty." The jury were also told by the fifth instruction given for the appellee that, if they believed from all the evidence, "that the injuries complained of were caused by the negligence or carelessness of the servant of the defendant, the North Chicago Street Railway Company, in the course of his employment as such servant, as charged in the declaration, and without any fault on the part of the plaintiff, which contributed to the injury complained of, then the defendant is liable in this action." In view of these instructions, it cannot be said that the appellant was in any way injured by the giving of the instruction, which is said to be erroneous.

A careful examination of the testimony, will show that it was conflicting as to the distance of the conductor from the car when the collision occurred; as to the distance from the car the appellee was riding on the street; as to the fact whether or not any passenger alighted from the rear of the car; as to whether the car had actually stopped when the collision occurred; as to whether the conductor jumped from the car while it was moving.

The evidence shows that appellee's arm was broken, and that her injuries are permanent and serious. She was studying music at the time of her injury, and the proof is that thereafter she was unable to use her arm so as to play the piano. The damages awarded her were moderate.