## Baltimore & Ohio Southwestern Railway Company v. Charles T. Schell.

1. INSTRUCTION—*when cannot be cured by others given.* Where an instruction directs the jury, if it shall find certain facts, to render a particular verdict, and does not fully sum up the facts which entitle such verdict, it is incapable of being cured by other instructions given.

2. INSTRUCTION—*must be predicated upon the evidence.* Instructions given in a case must be predicated upon the evidence therein.

3. DECLARATION—*what element of damages must be alleged in.* A declaration in an action for personal injuries must allege the expenditure of money for medical expenses, and the like, if a recovery therefor is sought.

4. INSTRUCTION—" *at the time of the alleged injury,*" held insufficient. This phrase, as applied to the time when the plaintiff must have been in the exercise of due care, held, insufficient under the facts of this case.

Action on the case for personal injuries. Appeal from the Circuit Court of Wayne County; the Hon. PRINCE A. PEARCE, Judge, presiding. Heard in this court at the February term, 1905. Reversed and remanded. Opinion filed September 8, 1905.

THOMAS H. CREIGHTON and E. C. and R. J. KRAMER, for appellant; EDWARD BARTON, of counsel.

ORGAN & ELLIOTT, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action in case, in the Circuit Court of Wayne County, by appellee against appellant, to recover for a personal injury, sustained by appellee at a public highway crossing. Trial by jury. Verdict and judgment in favor of appellee for $1,454.55.

The declaration consists of four counts. The first charges that appellant carelessly, negligently and improperly drove its engine and train. The second, that appellant failed to ring a bell or sound a whistle as its engine and train rapidly approached the public crossing. The third, that appellant negligently permitted upon its right of way certain obstructions to the view of one approaching the railroad at the crossing, and that it failed to ring a bell or sound a whistle as required by the statute, as its engine and train approached the crossing. And the fourth, that appellant caused its engine and cars to approach the crossing at a high rate of speed, without ringing a bell or sounding a whistle. To this declaration appellant pleaded not guilty.

We are of opinion that the state of evidence disclosed by the record here, is such as would not have warranted the trial court in directing a verdict in favor of appellant, and as this case must be reversed for errors of law, and may be tried again, we purposely refrain from commenting upon the evidence further than to say that the evidence is so conflicting and contradictory, and appellee's right of recovery on the merits of his case is so involved in doubt, as to bring the case within that class of cases where it is required that, to sustain a verdict in favor of the successful party, the instructions given on his behalf must be substantially correct and free from any error that might mislead the jury. In such case errors in the instructions given on behalf of the successful party are not cured by those given on behalf of his adversary. And as to the third instruction given on behalf of appellee, it assumes to be complete in itself and authorizes a recovery solely upon the hypotheses

therein stated. Such instructions are, in a sense, repugnant to any instruction that adds to the hypotheses a feature imposing an additional burden. No number of correct instructions, even when given as a part of the series of the successful party, can cure such repugnance, in a close and doubtful case.

The second instruction, and the part of the third complained of, are as follows:

" 2. The court instructs the jury, that if you find the defendant guilty, then the plaintiff is entitled to recover his actual damages which he has sustained as the direct or proximate result of such injury, such as his loss of time, his pain and suffering, his necessary and reasonable expenses in medical and surgical and nursing, as the same may appear from the evidence in this cause.

" And if the jury find, from the evidence, that the said injury is permanent and incurable they should also take this into consideration in assessing the plaintiff's damages."

" 3. If the jury believe from a preponderance of the evidence that the defendant's agents or servants in charge of the engine in question neglected and omitted to ring the bell or sound the whistle continuously for the distance of eighty rods before reaching the highway crossing as charged in the declaration and that the plaintiff was struck and injured at the railroad crossing of the public highway in question as charged in the declaration in consequence of such negligent omission to ring the bell or sound the whistle, if such is the proof while the plaintiff himself was exercising all reasonable care and precaution for his safety in that behalf at the time of the alleged injury, then the defendant is liable to the plaintiff for the loss and damage sustained by him, by reason of such loss or damage as has been proved by a preponderance of the evidence, if any."

The second instruction authorizes a recovery for necessary medical, surgical and nursing expenses. The declaration contains no charge or claim for such expense, and there is no evidence in the record bearing upon the subject.

It is error to incorporate in the instructions an element of damages not embraced within the averments of the declaration. And it is also error to give an instruction not based upon, or supported by evidence. The giving of an

instruction by the court is an assurance to the jury that there is evidence, or reasonable inferences deducible therefrom to support it, and when such is not true, the instruction is misleading.

The part of the third instruction referring to due care on the part of appellee, is not sufficiently comprehensive as to time to meet the requirements of this case, the language being, "at the time of the alleged injury." The jury may have understood it to include only the instant of time in which the injury was received. Ordinarily the language here used would not mislead, and many cases have been sustained where this language was employed in the instructions and doubtless many more will be; but, where there is anything in the facts of the particular case to warrant the conclusion that the jury understood the expression in too narrow a sense, and that they may have been mislead thereby, it must be held to be material error. The facts of this case bring it within that class, of which the following are representative cases : C., M. & St. P. Ry. Co. v. Halsey, 133 Ill. 248 (254); I. C. R. R. Co. v. Kief, 111 Ill. App. 354; North Chicago Street Railway Co. v. Cossar, 203 Ill. 608 (613).

We are of opinion that the trial court did not err in refusing to give the 23rd, 24th, 25th, 26th, 27th, and 28th instructions asked on behalf of appellant.

For the errors above noted the judgment of the Circuit Court is reversed and the case remanded.

*Reversed and remanded.*