Arthur Lichter, Appellee, v. Aurora, Elgin & Chicago Railroad Company, Appellant.

Gen. No. 5,716.

1. AUTOMOBILES—*instructions as to care.* An instruction in an action for damages growing out of a collision between a street car and an automobile which directs a verdict and fixes the time during which plaintiff was required to exercise due care as "at and just prior to the collision," is apt to mislead when the evidence tends to show that plaintiff applied the brakes from 25 to 70 feet from the street car track but owing to the speed of the automobile he could not stop it, and that he knew the location of the track and should have seen the car before he did.

2. INSTRUCTIONS—*negligence.* An instruction which begins properly by leaving the questions to the jury as to defendants' negligence and whether it caused the accident in question, but contains in the body thereof a direct statement by the court that such negligence was the cause, is improper.

Appeal from the City Court of Aurora; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed March 12, 1913. Rehearing denied April 8, 1913.

HOPKINS, PEFFERS & HOPKINS, for appellant.

MIGHELL, GUNSUL & ALLEN, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Fox street, in the city of Aurora, runs east and west and Union street runs north and south. Appellant operates a street car line on Union street. On Saturday morning, August 20, 1911, appellee was driving an automobile owned by him east on Fox street and, as he crossed Union street, he came into collision with a street car going north on Union street. His automobile was damaged, and he was thrown over the front of his machine and was injured. He brought this suit against the street car company to recover damages for said injuries to his person and to the automobile, and alleged in the first count of his declaration general negligence of the company in operating the car, and, in the second count that it was run at a speed which violated an ordinance of the city. At the first trial the jury disagreed. On a second trial he had a verdict for $1,655. The court held the verdict excessive and appellee remitted $655 therefrom and a motion for a new trial was then denied and appellee had judgment for $1,000, from which the company appeals.

Appellee introduced evidence tending to show that appellant was running the street car at a speed which violated an ordinance of the city and that appellee was running the automobile at a very moderate speed and was exercising due care. Appellee himself testified that he saw the car coming when he was about 25 feet from the track and that he stopped his automobile and that after he stopped it, the street car arrived and the front part of the vestibule passed the automobile, but the part of the vestibule next to the street car struck the front part of the automobile and twisted it and broke it and left it facing west. His witness who was with him in the automobile, and a woman nearby who testified in his behalf, both stated that the automobile ran into the street car, and such was the evidence of all the witnesses called for appellant who

saw the accident. Appellant introduced evidence tending to show that the street car was running at a speed much less than appellee claimed and that appellee was running his automobile at a speed of from 30 to 45 miles per hour, in violation of the statute then in force. Appellant's proof tended to show that if appellee had been looking out he could have seen the approaching street car very much more than 25 feet from the crossing and, indeed that the marks on the street showed that his brakes had been set some 60 or 70 feet from the crossing and that, if the automobile had at that point been running within the speed authorized by statute in the residence portion of a city, as this was, it could have been stopped long before the street car track was reached. There is apparently so clear a preponderance of evidence that this accident was caused by the very excessive and unlawful rate of speed at which appellee was driving his automobile that we are of opinion the case should be submitted to another jury, and we deem it unnecessary to burden this opinion with a recital of the testimony of each witness on that subject.

The 8th instruction, given at the request of appellee and which directed a verdict for appellee, fixed the time during which appellee was required to exercise due care as "at and just prior to the time of the collision." In view of the evidence that appellee set his brakes and tried to stop his automobile at a distance variously fixed by the witnesses at 25 feet or 60 or 70 feet from the street car track, we are disposed to hold that the expression above quoted was liable to mislead the jury. The jury might very readily conclude from the evidence that after appellee started to set his brakes he exercised due care to avoid a collision and they may have supposed that this answered the requirement set up in the 8th instruction. It was not the contention of appellant that appellee failed to exercise due care after he started to set his brakes, but that, knowing as he did the location of the street

car track and that street cars might be expected from either direction at any time, he negligently and unlawfully ran his automobile so swiftly as he approached that street and kept up that rapid and negligent and unlawful speed so long that when he finally discovered the car it was then too late to stop his automobile and also, that he could and should have seen the car when much further back from Union street; and that his negligence therefore was not "just prior to the time of the collision" in the strict meaning of those words, but was negligence in approaching the place of danger without due control of the automobile and without a due look out for danger. Said instruction No. 8 after submitting to the jury the question whether the defendant was negligent, also said: "which negligence was the direct cause of the collision." It should have read "and if the jury further find from the evidence that said negligence was the direct cause of the collision." The instruction began in proper form, leaving the questions to be determined by the jury from the evidence, and then in the body of the instruction it was changed to a direct statement by the court that such negligence was the cause of the collision. Such change in the form of a plaintiff's instruction has sometimes been impliedly approved or treated as unimportant and perhaps it should not be a ground for reversal, standing alone, though we disapprove it, but we call attention to it in order that it may not be repeated upon another trial. Appellant contends that instructions 1 and 4 given at the request of appellee, as applied to the special facts of this case, come within the criticism of an instruction in North Chicago St. R. Co. v. Cossar, 203 Ill. 608. These instructions relate to the conduct of appellee before as well as at the time of the collision, and do not limit his exercise of due care to a time after he was in danger, and we think the case cited is not applicable, but that said instructions 1 and 4 conform to the rule stated in Chi-

cago City R. Co. v. O'Donnell, 208 Ill. 267, and South Chicago City R. Co. v. Kinnare, 216 Ill. 451. Other parts of the record have been seriously criticised, but the same situation is not likely to arise again after the discussion had in this court, and we deem it unnecessary to consider them now. The judgment is reversed and the cause remanded.

*Reversed and remanded.*