## Anna English, Appellee, v. George O. Gordon, Appellant.

## Gen. No. 28,562.

1. HIGHWAYS AND STREETS—*sufficiency of evidence to support verdict for pedestrian injured in automobile collision.* A verdict for a pedestrian who was injured in a collision with defendant's automobile while crossing a street is not against the manifest weight of the evidence where there is evidence showing that plaintiff, before starting to cross, looked for approaching vehicles and saw defendant's car about a block away, that when half way across she looked again and saw the car within a few feet and after taking several steps backward was struck by the car, and that after the accident defendant made incriminating admissions to plaintiff, tending to show that he was driving at excessive speed.

2. HIGHWAYS AND STREETS—*when failure of pedestrian to look for approaching vehicle not negligence per se.* It was not negligence *per se* for a pedestrian, who had looked for approaching vehicles before starting to cross a street and had seen defendant's car approaching about a block distant, not to look again until she was half way across the street, at which time the car was within a few feet of her.

3. DEPOSITIONS—*when motion to suppress not prerequisite to exclusion.* The cross-examination of a witness for plaintiff whose deposition was taken by plaintiff under commission properly issued under Evidence Act, sec. 26, Cahill's Ill. St. ch. 51, ¶ 26, was properly excluded on objection although no motion to suppress was made before trial, where the cross-examination was taken on oral interrogatories by defendant without any notice under section 28, Cahill's Ill. St. ch. 51, ¶ 28, and the objection was directed at the cross-examination only and raised the right of the defendant to appear and cross-examine at all for failure to comply with the requirements of section 28.

4. HIGHWAYS AND STREETS—*when peremptory instruction that pedestrian used due care not reversible.* In an action by a pedestrian who was struck by defendant's automobile as she was crossing the street, it was not reversible error to give an instruction calling for a directed verdict for plaintiff and charging the jury to find "that under all the circumstances in which the plaintiff was placed she used that degree of care which an ordinary prudent person would use," since such instruction did not limit the situation to the precise time of the accident but included all the circumstances confronting her from the time she entered upon the crossing.

5.  DAMAGES—*excessiveness of award*.  An award of $5,000 for personal injuries was not excessive where plaintiff sustained two fractures of the pelvis, was required to lay in a fracture bed, in much pain, in a hospital for six weeks and for four weeks more at home, and was required to use crutches for six weeks thereafter and has never been without pain since, although she had enjoyed good health before the accident.

Appeal by defendant from the Superior Court of Cook county; the Hon. HUGO PAM, Judge, presiding.  Heard in the second division of this court for the first district at the March term, 1923.  Affirmed.  Opinion filed January 22, 1924.

GREEN, BEVERLY & RICE, for appellant; CHARLES E. GREEN, of counsel.

NOVAK & NOVAK, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This appeal is from a judgment for $5,000 in a personal injury suit brought by Anna English against George O. Gordon, as the result of a collision with his automobile at the intersection of 53rd street and Hyde Park boulevard, Chicago.

The declaration is in three counts.  The first charges negligent operation of the automobile; the second, violation of the statute respecting the speed of motor vehicles; and the third, negligent driving to the left or west side of the boulevard while driving north thereon.  Defendant pleaded the general issue.

At the time of the collision defendant was driving his car northerly on said boulevard across 53rd street, and plaintiff was on the north side of the latter about the center of the boulevard walking to the east across the same.

Appellant argues that there should have been a directed verdict, and that the verdict was manifestly against the weight of the evidence.  As we cannot concur in the last contention we need not consider the

first.   We think there was at least sufficient evidence
to present for determination of the jury, under the
first count, whether plaintiff was exercising reasonable
care for her own safety, and whether defendant was
negligent in the operation of his car.   Unless on these
questions we can say the verdict was manifestly
against the weight of the evidence, then under well-
settled practice we must affirm the judgment if there
was no error in other respects.

The accident happened shortly after midday.   There
were only one or two other pedestrians and no other
vehicle in the locality at the time.   Each party had a
clear vision of the other.   The only eyewitnesses be-
sides the parties themselves were a pedestrian who
preceded plaintiff across the street, and testified in
her behalf, and a man who saw the accident from a
room on the west side of the boulevard about 150 feet
south of 53rd street, and testified for defendant.

Plaintiff's testimony was to the effect that she saw
the automobile about a block away when she started
across the boulevard; that about the time she reached
the middle of the street the car was a few feet away,
so close that she thought she would not have time to
go forward and took two or three steps backwards;
that the car was then perhaps five feet away from
her; that it followed her to the west and then she went
forward and was knocked down by the car.   Her wit-
ness testified that as he reached the curb he heard a
"swishing" sound, looked around, and saw the auto-
mobile "shoot to one side and then to the other, and
as plaintiff stepped out of the road the machine ran
into her."   Defendant's witness testified that as the
car approached the corner plaintiff "seemed to run
forward and backward, and as she ran backward the
machine hit her."   Defendant testified that as plain-
tiff crossed the street she looked straight ahead and
he concluded to get behind her; that as he approached
within 20 feet of her she lifted her head, turned around

and ran back; that he was then trying to get behind her but immediately switched the car to the east, when she turned again and started quickly to the east; that he then put the power on his brakes and threw on the clutch; that she again started back to the west and he to the east, when she came right toward the machine and was hit by its right side.

We are not impressed by this testimony that defendant operated his car with ordinary care for plaintiff's safety. He apparently waited until he was within 20 feet of her and observed her bewilderment before he took reasonable precaution for her safety. If he was driving only 12 miles an hour, as he stated, it is a matter of common knowledge that he could have stopped the car before reaching her. He did not deny plaintiff's testimony that immediately after the accident, and again the following day at the hospital, he said to her "I was in a hurry," and that he also said "don't worry, I will take care of you." The jury may well have deemed these statements as an admission of his negligence and responsibility therefor.

Plaintiff testified that she was walking fast, and had gone only about halfway across the street when the collision took place. The exact width of the boulevard was not shown, but allowing for an unusually wide street, plaintiff had probably not walked more than 30 feet while defendant was going the entire block, according to her testimony, and at least 250 feet, according to his. If she were walking at the ordinary gait of 3 miles an hour, he was going at least 25 miles an hour, a speed which, if kept up until he was within 20 feet of her, the jury may well have considered was greater than reasonable and proper for one having regard for her safety.

Nor can it be said that it was negligence *per se* under the circumstances that plaintiff did not look again to see the car until it came suddenly upon her. She might well have assumed that if the car were

driven at a reasonable and the ordinary speed for such locality she had ample time to cross ahead of it, and therefore she was surprised and confused when she found it close upon her as she reached the middle of the crossing. We need not discuss the familiar doctrines that each party has an equal right to passage at a street crossing and that he must exercise reasonable care for his own safety and that of others. Each case, however, presents its own peculiar circumstances, from which it is the particular province of the jury to decide the facts. And it is simply a question in this court whether we can say that the jury's conclusion is manifestly against the weight of the evidence. In this case we cannot so say. And in view of the appalling loss of life on public streets in our large cities resulting frequently from disregard by motorists of the fact that pedestrians have equal rights at street crossings, we are not disposed to say that when a pedestrian becomes bewildered by such disregard and is suddenly called upon to act for his own safety, his misjudgment of the course the automobile will take is contributory negligence. We think there was ample evidence to justify the jury's finding that plaintiff exercised reasonable care for her own safety and that defendant was negligent.

After plaintiff had read in evidence the deposition of a nonresident witness taken upon written interrogatories, pursuant to a commission so directing, under section 26 of the Evidence Act (Cahill's Ill. St. ch. 51, ¶ 26), defendant offered in evidence the cross-examination of the witness taken upon oral interrogatories without any notice having been given of his election so to do, as required by section 28 of said Act (Cahill's Ill. St. ch. 51, ¶ 28). The court sustained plaintiff's objection to the reading of the same.

Appellant contends that there should have been a motion to suppress before the cause came to trial. This is the usual rule when it is sought to suppress the

entire deposition but not always, as we understand, when the suppression of only a part of it is sought. (*Stull v. Stull* (Neb.) 96 N. W. 201; 18 C. J. 727.) However, this rule applies generally to exceptions which go to form, or the incompetency of the witness, or to objections that could be cured by retaking the deposition.  (*Moshier v. Knox College*, 32 Ill. 163; *Kassing v. Mortimer*, 80 Ill. 602; *Benedict v. Dakin*, 243 Ill. 390.)   The objection in the case at bar was of a different nature.   It went to the right of defendant to appear and cross-examine at all.   If a party desires to cross-examine orally he should give written notice of his election so to do, as provided in section 28, in order that the party desiring the testimony may appear to make objections or a redirect examination, which he would have no occasion to do without receiving notice of the intention to cross-examine.   The statute evidently does not contemplate the right to cross-examine in such a case without the exercise of election so to do in conformity with its provisions, and had plaintiff, after the opening of the depositions and before trial, moved to suppress the cross-examination and the motion been granted, defendant would have been in no better position, for there was no irregularity in the issuance or return of the commission, and the ruling would have afforded no opportunity to cross-examine the witness under that commission. Under a similar statute it was held in *Neeves v. Gregory*, 86 Wis. 319, that where a deposition of a nonresident witness was taken on commission and written interrogatories the adverse party could not cross-examine him orally.   (See also, *Shepard v. Missouri Pac. Ry. Co.*, 85 Mo. 629; 18 C. J., sec. 221, p. 694.) We think, therefore, the court properly sustained the objection.

The proper rejection of such cross-examination obviates the necessity of discussing the giving of instruction 3 pertaining to the Motor Vehicle Act [Cahill's

Ill. St. ch. 95a], proper consideration of which appellant contended would have been affected by admission of the rejected testimony.

Instruction No. 5, given at plaintiff's request, called for a directed verdict and included among other things that the jury should find "that under all the circumstances in which the plaintiff was placed she used that degree of care which an ordinary prudent person would use," etc. It is contended that the quoted clause limits the situation to the precise time of the accident, and that under the ruling in *North Chicago St. R. Co. v. Cossar*, 203 Ill. 608, 612, it was error to give such an instruction. We do not think the language of the instruction can be reasonably so restricted. The circumstances in which plaintiff was placed included those confronting her from the time she entered upon the crossing and it became her duty to exercise reasonable care in crossing the street. The case at bar is not analogous to the one cited, either in the language of the instruction on that subject or in the facts of the case. We do not think there was reversible error in giving the instruction.

Appellant's final contention is that the damages were excessive. While we are not convinced from the evidence that all of the conditions of which plaintiff complains were the proximate result of the injury, yet there were two fractures of the pelvis, requiring her to lie on her back in much pain in a fracture bed for six weeks at a hospital, from which she was carried home in a wheel chair, where she remained in bed for four weeks longer. She used crutches for six weeks thereafter, and has never been without pain in her hips since that time. She had never been injured or sick before and claims never to have been well since. In view of the present value of money we are not disposed to disturb the verdict as excessive. The judgment will be affirmed.

*Affirmed.*

Gridley, P. J., and Fitch, J., concur.